# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ATHENA SERVICES, INC.; ATHENA SERVICES, INC., d/b/a ABC LAWN CARE; MARK G. GROAT; SHELLI R. GROAT and RYAN T. JOHNSON,<br><br>Defendants. | No. C16-3051-LTS<br><br>**ORDER** |

This case is before me on a motion (Doc. No. 10) by plaintiff the United States of America (the United States) to amend the judgment (Doc. No. 9) as it relates to defendants Athena Services, Inc., and Athena Services, Inc., d/b/a ABC Lawn Care (Athena). No party has filed a resistance. I conducted a telephonic hearing on September 30, 2016. Attorney LaQuita Taylor-Phillips appeared for the United States. No defendant appeared, either personally or through counsel. The motion is fully submitted.

## I. *RELEVANT PROCEDURAL HISTORY*

On May 18, 2016, the United States filed a complaint (Doc. No. 2) against the defendants in which it sought a permanent injunction concerning the payment of federal employment tax obligations pursuant to 26 U.S.C. § 7402(a). On June 29, 2016, the United States filed proof of service (Doc. Nos. 4, 5) indicating Athena was served on June 7, 2016. On July 6, 2016, the United States filed a motion (Doc. No. 6) for entry of Athena's default, noting that Athena had failed to file a response to the complaint. The Clerk entered Athena's default on July 7, 2016. *See* Doc. No. 7.

Subsequently, the United States submitted for my review and approval a stipulated order (Doc. No. 8) of permanent injunction as to all defendants. The stipulated order contains the signatures of all defendants, with each signature being dated March 31, 2016 (over a month before the United States commenced this action).[1] Doc. No. 8 at 7. The signatory for Athena is Shelli R. Groat, who signed separately for herself and for Athena. *Id*. I signed and filed the stipulated order on August 3, 2016. The Clerk then entered judgment (Doc. No. 9) based on the stipulated order the same day.

On August 19, 2016, the United States filed its present motion to amend the judgment as it relates to Athena. The United States contends that the stipulated order and resulting judgment cannot apply to Athena because a nonlawyer (Ms. Groat) signed the stipulated order on Athena's behalf. Thus, according to the United States, the judgment should be modified to exclude Athena, thus freeing the United States to move for entry of a default judgment against Athena. If its motion is granted, the United States intends to seek the same relief against Athena as is already set forth in the existing judgment.

## II. APPLICABLE STANDARDS

The United States invokes Federal Rule of Civil Procedure 60(a), which states, as follows:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions**. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

---

[1] During the hearing, counsel explained that the stipulated order was signed in the course of pre-action negotiations between the parties.

Fed. R. Civ. P. 60(a). This rule allows the district court "to correct omissions in its judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." *United States v. Mansion House Ctr. North Redevelopment Co.*, 855 F.2d 524, 527 (8th Cir. 1988) (per curiam) (quoting *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)).

### III. DISCUSSION

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. It is well-settled, however, that this statutory right of self-representation applies only to individuals, not to corporations or other artificial entities. As the Supreme Court has noted: "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citations omitted); *see also City of Kansas City, Mo., v. Housing & Economic Development Fin. Corp.*, 366 F. App'x 723, 723-24 (8th Cir. 2010) (per curiam) (rejecting pro se appeal filed by an individual on behalf of a corporation).

Here, the United States is concerned that the judgment in this case may be ineffective as against Athena because Athena entered into the stipulated order of permanent injunction through a nonlawyer. While I understand the United States' concern, I do not share it. Athena is not attempting to proceed in this court through the representation of a nonlawyer. Instead, Athena (and the other defendants) signed the stipulated order of permanent injunction before this case even existed. In effect, the defendant entered into an agreement with the United States to consent to the entry of a permanent injunction. It was the United States, not Athena, that submitted the stipulation to the court for approval.

Under the circumstances present here, I find that Athena has not made an improper attempt to appear and proceed on a pro se basis. I further find that leaving the existing judgment undisturbed accurately reflects what was understood, intended and agreed upon by the parties and the court. As such, there is no need to amend the judgment pursuant to Rule 60(a).

## IV. CONCLUSION

For the reasons set forth herein, plaintiff's motion (Doc. No. 10) to amend the judgment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 30th day of September, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE